ROBERTS and POLLOCK, JJ, concur in the judgment.

### BERT HEYWOOD COAL CO v FLOSS

Ohio Appeals, 6th Dist, Lucas Co

No 2847. Decided Dec 11, 1933

Rheinfrank & Lindecker, Toledo, for plaintiff in error.

W. E. McLellan, Jr., Toledo, and Christenson & Christenson, Toledo, for defendant in error.

**OPINION**

By LLOYD, J.

Among the errors alleged for a reversal of the judgment we shall refer to those existing in the charge of the court to the jury and to the contention that the verdict should have been directed in favor of plaintiff in error and that, in any event, the verdict and judgment are manifestly against the weight of the evidence.

There is at least some evidence in the record tending to sustain the alleged cause of action of Floss against the coal company, but insufficient to maintain the judgment, for the reason as we view it, that the verdict and judgment are manifestly against the weight of the evidence.

The court instructed the jury as to the obligations imposed by §§6310-28, 6310-28a and 6310-31, GC, in accordance with the rule announced in **Heidle v Baldwin, 115 Oh St, 375**, which later was disapproved and overruled by the Supreme Court in **Morris v Bloomgren, 127 Oh St, 147**. Therefore, although the trial judge instructed the jury as to the legal effect of the violation of these statutes as then interpreted by the Supreme Court, since the law was not as so declared, the instructions thus given were erroneous and prejudicial. The trial court also charged the jury as to the law governing those engaged in a joint enterprise or a joint adventure, which was erroneous and prejudicial since neither the pleadings nor the evidence suggested the existence of any such relation. At the threshold of the case appeared the question as to whether or not the driver of the truck was the agent of the coal company or of an independent contractor and as bearing upon that question, whether the coal company owned the truck, and although the trial judge instructed the jury that the burden of proving the relation of principal and agent or master and servant rested on Floss, later in the charge he stated that corporations act through their servants, employes or agents and that therefore what the "servants and agents or employes do or fail to do with regard to the operation of a motor truck on the company's business, are the acts of the defendant company" and thereafter repeatedly used language similar to the following:

"The duty of the defendant company and its agents and employes in charge of and operating defendant's truck was to use ordinary care.
* * *
You should therefore ascertain and determine first what ordinary care on the part of the defendant company and its agent or driver in charge of said truck required to be done under the circumstances in this case.
* * *
Having determined what ordinary care required defendant and its agent or driver to do, under the circumstances of this case,

you will inquire to determine what the defendant, acting by its agent and driver in charge of said truck, did do in this case.

\* \* \*

You will then compare what the defendant, acting through its agent or driver, did do," &c.

Other similar statements were made to the jury, all of which it seems to us must have induced the jury to believe that the driver of the truck was in fact the agent of the coal company engaged in the course and scope of his employment and therefore the charge in these respects was prejudicially erroneous. Other than the above, this court finds no errors in the record prejudicial to plaintiff in error.

The judgment of the Court of Common Pleas is reversed and the cause remanded to that court for a new trial.

Reversed and remanded.

RICHARDS, J, concurs.
WILLIAMS, J, concurs in reversal but is of opinion that final judgment should be entered in favor of plaintiff in error.